UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CHARLENE CROSBY TEAGUE,<br><br>　　Plaintiff,<br><br>vs.<br><br>1) STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　Defendant. | Case No. |

## COMPLAINT

COMES NOW Plaintiff, Charlene Crosby Teague, and for her causes of action against the Defendant, State Farm Fire and Casualty Company ("State Farm"), alleges and states the following:

## JURISDICTION

1.　Plaintiff was at all times material herein a resident of Pottawatomie County, Oklahoma.

2.　State Farm is an insurance company organized under the laws of the State of Illinois and at all times material herein was doing business in the State of Oklahoma.

3.　This action is for breach of contract and breach of the duty of good faith and fair dealing and the amount in controversy exceeds $75,000.00.

4.　Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332.

## FACTS

5.　Plaintiff purchased a homeowners insurance policy from State Farm on her residence located at Lot 6, Block 2, Port Drive, Bernice, OK, policy number 36-BF-W307-2, with an effective date of December 21, 2010 and an expiration date of December 21, 2011.

6. The policy Plaintiff purchased from State Farm carried coverages in the amounts of $333,000.00 for losses or damages to the dwelling and $183,150.00 for losses or damages to personal property.

7. On or about February 1, 2011, Plaintiff's residence was destroyed by fire.

8. The February 1, 2011 fire rendered Plaintiff's residence and property therein a "total loss."

9. State Farm received notice of the fire loss, assigned claim number 36-F684-387 to the loss, and immediately assigned the claim to the "Special Investigation Unit" of State Farm.

10. Since that time, Plaintiff has provided voluminous documentation, submitted to interrogation under oath and provided a sworn proof of loss to State Farm.

11. State Farm has failed to uncover or produce any evidence that Plaintiff set the fire, or directed another person to set the fire, to her residence covered by the insurance policy with State Farm.

12. Plaintiff complied with all terms and conditions of the insurance policy and all reasonable requests by State Farm.

13. Despite Plaintiff's cooperation in the investigation, and without reasonable basis, State Farm has continuously delayed making a claims decision on the fire loss and has refused to make any payment on the loss.

## CAUSES OF ACTION

### Breach of Insurance Contract

14. As of January 31, 2012, State Farm still has not made a claims decision on Plaintiff's loss and claims it needs additional time to evaluate the claim and information obtained in its investigation.

15. State Farm has not made any payment to Plaintiff for losses arising out of the February 1, 2011, fire to her residence.

16. The failure of State Farm to make payment, in any amount, is in violation and is a breach of the terms and conditions of the insurance contract with Plaintiff.

17. The failure of State Farm to timely complete its investigation and make a claims decision on Plaintiff's loss constitutes is in violation and is a breach of the terms and conditions of the insurance contract with Plaintiff.

18. As a direct result of State Farm's breach of contract, Plaintiff sustained damages and seeks payment for all amounts due under the contract.

### Breach of the Duty of Good Faith and Fair Dealing

19. State Farm commenced the investigation of Plaintiff's claim with a pre-determined idea that Plaintiff was guilty of submitting a fraudulent claim and/or committing arson, immediately assigned the claim to its "Special Investigation Unit" and began a course of conduct via its "special investigation" designed to deny the claim on the basis of fraud and/or arson. State Farm's outcome based claims "investigation" in this matter violates all standards of fair, good faith claims handling and thus constitute a breach of the duty of good faith and fair dealing.

20. State Farm's ongoing failure to pay amounts due under the policy of insurance without a reasonable basis for doing so, as well as the unreasonable delay in making a claims decision on the loss, violates all standards of fair, good faith claims handling and thus constitute a breach of the duty of good faith and fair dealing.

21. The actions of State Farm in the "investigation" of Plaintiff's claim were unfair, wilful, intentional and malicious.

22.    As a direct result of the unfair, wilful, intentional and malicious conduct of State Farm, Plaintiff has sustained actual damages in the form of economic losses, embarrassment, humiliation and mental anguish in an amount in excess of $75,000.00.

23.    Since the actions of State Farm was willful, intentional and malicious, Plaintiff also seeks punitive damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff, Charlene Crosby Teague, prays for judgment for actual damages against State Farm in an amount in excess of $75,000.00 and punitive damages against State Farm in an amount in excess of $75,000.00, plus costs, interest, attorneys fees and such other relief this Court deems just and equitable.

*s/R. Ryan Deligans*
R. Ryan Deligans
Bar Number: 19793
Mark E. Bialick
Bar Number: 771
Attorneys for Plaintiff
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone:  (405) 235-9584
Facsimile:  (405) 235-0551
E-Mail: dlb@dlb.net

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

9985.0107\#4783375v1<OKC> -Complaint